MATHIS, superintendent, *et al. v.* GORDY.

While the act of December 16, 1897, empowers county boards of education to purchase school-books and rent them to the pupils, it does not authorize them to compel the pupils to rent such books and make the payment of the rental charge a condition precedent to admission to the schools without regard to whether the pupils already have such books.

Argued January 22,—Decided March 30, 1904.

Mandamus. Before Judge Littlejohn. Sumter superior court. September 21, 1903.

*Blalock & Cobb* and *Hooper & Dykes*, for plaintiffs in error.
*Shipp & Sheppard*, contra.

SIMMONS, C. J. To an order granting a mandamus absolute against the school authorities of Americus, directing them to admit certain children to the schools without requiring them to pay certain rental charges for books, the defendants excepted. The question in the case is whether by section 3 of the act of December 16, 1897 (Acts 1897, p. 90), the school authorities were authorized, where they had purchased the books needed for the schools and offered to rent them to the pupils, to make the payment of the rental charge a condition precedent to the admission of a child without regard to whether he was already possessed of the books needed. The act above mentioned authorizes the proper school authorities to purchase such books as may be needed or adopted for the schools and then sell them to the patrons and pupils of the schools. Section 3 then provides " that in cases where said boards of education shall purchase the books needed in said schools under their control, as herein provided for, they may rent the same to the pupils at such fees or for such charges as they may deem just and proper, and the boards may make all proper rules to insure the payment of said fees and charges and

proper care in the preservation of said books." The judge below held that the proper construction of this act did not authorize the school authorities to make the renting of the books a condition precedent to admission to the schools, but that while such authorities may purchase the books and rent them to the pupils, adopting rules and regulations to insure the collection of the rental charges and the preservation of the books, "yet should a parent, as in the present case, whose children are otherwise entitled to be admitted to the educational privileges of said schools, supply such children with such books and stationery as are necessary for the use of such children under the regulations of such school, such children would be entitled to registration and admittance to said schools without the payment of such rental fees or charges."

We think that the judge below properly construed the act in question. While the act conferred upon the school authorities full power to purchase the books and rent them out, it did not contemplate a compulsory renting. It authorized the rental, but did not authorize the school authorities to compel the pupils to rent. The rules the school authorities were authorized to make were not such as required the pupils to rent books, but such as would secure the payment of the rental charges by those who did rent, and insure the preservation of the books. The act did not contemplate a regulation that each pupil must rent his books from the school authorities even though he already has all the books he will need or is required to have by the regulations of the school. The act did not, expressly or by implication, authorize the school authorities to compel the pupils to rent. One of the questions argued in this court and in the court below was whether the act would be unconstitutional if a contrary construction were given it. This question was not passed upon by the judge below, because its decision was rendered unnecessary by his construction of the act. For the same reason we also find it unnecessary to decide the question.          *Judgment affirmed.     All the Justices concur.*